**Peter J. BRENNAN, Secretary of Labor, Plaintiff-Appellee,**

v.

**Harry E. WHEELER et al., Defendants-Appellants.**

**No. 74–1069.**

United States Court of Appeals, Seventh Circuit.

Submitted May 8, 1974.

Decided June 12, 1974.

Carl E. Stilwell, Indianapolis, Ind., for defendants-appellants.

Stanley B. Miller, U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before PELL, STEVENS and SPRECHER, Circuit Judges.

PER CURIAM.

This matter is before the court on the motion of the plaintiff-appellee to affirm the judgment of the district court in this cause without oral argument pursuant to Circuit Rule 22 of the Rules of this court.

The Secretary of Labor, United States Department of Labor, filed this civil action for injunctive relief under the Welfare and Pension Plans Disclosure Act of 1958, as amended, Title 29, United States Code, Section 301 et seq. The action was instituted to require the defendants-appellants individually and as members of the Advisory Committee of the Mitchell & Scott Machine Company, Inc., Employees' Profit Sharing Trust to be bonded, based on the allegation that they were handling funds or other property of the trust plan as described in Title 29, United States Code, Section 301 et seq.

After the defendants-appellants filed an answer, and after depositions were taken, the plaintiff filed a motion for summary judgment. The court ruled that the members of the Advisory Committee are "administrators" of the plan within the meaning of 29 U.S.C. § 308d and 29 C.F.R. 464.4 and the duties and activities of the Advisory Committee, and in particular those dealing with the disbursement of plan funds constitute "handling" since they present a significant risk that plan funds could be lost, within the meaning of the statute and 29 C.F.R. 464.7. It, therefore, concluded that members of the Advisory Committee were subject to the bonding provisions of the Act.

Section 13(a) of the Act (29 U.S.C. § 308d(a)) expressly provides that the bonding requirements are applicable to every administrator of an employee pension plan "who handles funds or other property of such plan." Appellants contend that the function of the Advisory Committee is merely advisory. However, the clear wording of the trust agreement refutes that contention. The Advisory Committee approves payments, including the method of payment, to participants in the fund, and directs the Trustee to disburse funds. The Trust Agreement expressly recites that "The Trustee shall be protected in acting upon any signed written instructions of the Committee." Since defendants have the authority to direct how funds shall be disbursed, each of them is an "administrator . . . who handles funds or other property" within the meaning of 29 U.S.C. § 308d(a). The powers given to the Advisory Committee by the agreement and in particular the powers over the disbursement of funds give rise to the possibility that fraud or dishonesty on appellants' part will cause loss to the fund. To safeguard against such loss it is the clear intent of the Welfare and Pension Plans Disclosure Act that the bonding requirements apply to the Advisory Committee. To do otherwise would subject employees who depend upon the funds for their future well-being from the protection that is contemplated by the Act.

The testimony presented in the depositions along with the pleadings showed that there was no genuine issue as to any material fact, and the plaintiff Sec-

**962**

retary was entitled to judgment as a matter of law.

It is ordered that the judgment for the plaintiff in this cause dated November 16, 1973 is hereby affirmed.

Affirmed.